IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL SULLIVAN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIMERICK GOLF CLUB, INC. and | : | |
| LIMERICK GOLF CLUB ESTATES, | : | |
| INC., | : | |
|     Defendants/Third-Party | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PETER CONTASTATHES, | : | No. 06-4680 |
|     Third-Party Defendant. | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Schiller, J.**                                                                                                                      **June 23, 2008**

Defendants/Third-Party Plaintiffs Limerick Golf Club, Inc. and Limerick Golf Club Estates, Inc. (collectively "Limerick") joined Peter Contastathes ("Contastathes") as a Third-Party Defendant to a suit brought against them by Plaintiff Daniel Sullivan. Presently before the Court is Contastathes's motion to dismiss Limerick's third-party Complaint. For the following reasons, Contastathes's motion is granted.

**I.    BACKGROUND**

This action arises out of a barroom fracas that occurred in Limerick's Sandtrap Sports Pub on October 29, 2004. In his October 19, 2006 Complaint, Plaintiff Sullivan alleges that Limerick served Contastathes alcohol despite his visibly intoxicated condition and then failed to prevent a belligerent and drunken Contastathes from assaulting him as he dined peacefully at the Pub. Sullivan

seeks compensation from Limerick, claiming that Limerick's negligent security and violations of the Pennsylvania Liquor Code led to his injuries. Limerick filed an Answer on February 13, 2007. Limerick then filed a third-party Complaint on July 16, 2007, impleading Contastathes as a joint tortfeasor. Contastathes's motion to dismiss Limerick's third-party Complaint is presently before the Court.

## II.     DISCUSSION

### A.     Limerick's Failure to Request Leave is Fatal to its Third-Party Complaint

Third-party practice in federal court is governed by Rule 14 of the Federal Rules of Civil Procedure. Under Rule 14, a third-party plaintiff must move to "obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer." FED. R. CIV. P. 14(a)(1). Upon receipt of such a motion, it is within the sound discretion of the district court whether to allow a defendant to file a third-party complaint. *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 (3d Cir. 1971), *cert. denied*, 405 U.S. 1017 (1972); *Reynolds v. Rick's Mushroom Serv., Inc.*, Civ. A. No. 01-3773, 2003 WL 22741335 at *2 (E.D. Pa. Nov. 17, 2003).

Without moving to obtain the Court's leave, Limerick filed its third-party Complaint on July 16, 2007, over five months after filing its original Answer on February 13, 2007. Contrary to Limerick's apparent belief that Rule 14 does not require such a motion, the mandatory language of Federal Rule of Civil Procedure 14(a)(1) applies to Limerick. FED. R. CIV. P. 14(a)(1) ("the third-party plaintiff *must*, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer") (emphasis added). Limerick's failure to make the required motion alone justifies striking its third-party Complaint. *Evans v. Allen-Williams Corp.*, Civ. A. No.

1988-75, 1997 WL 195449 at *3 n.3 (D.V.I. Mar. 7, 1997) (noting that "a third-party complaint served without leave of court is subject to a motion to strike and that it is within the court's discretion to grant such a motion") (*quoting* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1454 (2d ed. 1990)).

### B.     Limerick's Third-Party Complaint is Unjustifiably Untimely

Nor would the Court now rule favorably on a motion for leave to add Contastathes as a defendant should Limerick so file. Pursuant to Local Rule 14.1, once the ten-day period specified in the Federal Rules expires, leave should ordinarily be denied when requested more than ninety days after the moving party has served its answer to the original complaint. LOC. R. CIV. P. 14.1(a). The Local Rule permits an exception where the court is satisfied that the identity of the party sought to be joined or the basis for joinder "could not with reasonable diligence have been ascertained within said time period," in which case the court may grant a brief extension "in the interests of justice." *Id.*; *see also Carney's Point Metal Processing, Inc. v. RECO Constructors*, Civ. A. No. 04-4869, 2006 WL 924992 at *2 n.10 (E.D. Pa. Apr. 2, 2006) (applying Local Rule 14.1). The party seeking leave bears the burden of demonstrating that the delay in filing was justified. *Roberts v. Leasure*, Civ. A. No. 05-3495, 2006 WL 1967335 at *2 (E.D. Pa. July 11, 2006) (*citing Zielinski v. Zappala*, 470 F. Supp. 351, 353 (E.D. Pa. 1979)). The Court enjoys "substantial room for the exercise of discretion" in the application of Local Rule 14.1. *Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F. Supp. 701, 704 (E.D. Pa. 1989) (*citing Hornsby v. Johns-Manville Corp.*, 96 F.R.D. 367, 369 (E.D. Pa. 1982)).

Limerick has failed to show that it could not have ascertained Contastathes's identity with "reasonable diligence" within the ninety-day period specified by the Local Rules. LOC. R. CIV. P.

14.1(a). In *Con-Tech Sales*, the Court allowed joinder eight weeks after the expiration of the Local Rule's ninety-day period, but only six weeks after the third-party plaintiff received discovery which, it asserted, "provided the facts that support[ed] its claim, and contemporaneously with [its] answer to plaintiffs' second amended complaint." 715 F. Supp. at 704. Here, Limerick must have been aware of Contastathes's existence and role in the case as of February 2007 at the latest. Contastathes figures prominently (albeit as "Contastakes") in the original Plaintiff's Complaint, which Limerick answered over 150 days before filing its third-party Complaint.

Nor is Limerick's delay and improper filing cured by its assertion that Contastathes was "difficult to track down" because his name was misspelled in the Plaintiff's Complaint and he had left the state, as Limerick argues in another context in its brief. Third Party Pls.' Opp'n to Third Party Def.'s Mot. to Dismiss [hereinafter "Limerick Opp'n"] ¶ 6. Even applying that argument to this issue, Limerick has not persuaded the Court that Contastathes's identity could not be determined with reasonable diligence within ninety days. Limerick thus fails to carry its burden under Local Rule 14.1. *Welde v. Beneficial Partners, L.P.*, Civ. A. No. 04-4190, 2006 WL 2559482 at *5 (E.D. Pa. Sept. 1, 2006) (denying motion for leave to add additional defendants after unjustified ten-month delay).

Limerick observes that the underlying purpose of Rule 14 is to limit unnecessarily redundant litigation.[1] It is indeed well-settled that the Federal Rules are intended to promote efficient use of

---

[1] The cases cited by Limerick address neither this District's Local Rules nor justifications for untimely third-party complaints under Rule 14. In fact, as it demonstrates that Rule 14 joinder requires leave of court when requested more than 10 days after service of the moving party's original answer, much of the precedent upon which Limerick relies serves to remind the Court of the procedural rules Limerick ignores. (*See* Limerick Opp'n ¶ 9) (*citing United States v. Munroe Towers, Inc.*, 286 F. Supp. 92, 96 (D.N.J. 1968) (noting that Rule 14 requires defendants to obtain leave of court to bring a third-party complaint more than 10 days after serving an original answer), *Balcoff v. Teagarden*, 36 F. Supp. 224, 225 (S.D.N.Y. 1940) (granting motion for leave

judicial resources. *See, e.g., Con-Tech Sales*, 715 F. Supp. at 704 (*citing Schwab v. Erie Lackawanna R.R. Co.*, 438 F.2d 62, 67 (3d Cir. 1971)). The court nevertheless declines to sanction a total disregard for the "basic edicts of both Federal Rule 14 and Local Rule 14.1(a)." *Roberts*, 2006 WL 1967335 at *2 (*citing Hornsby*, 96 F.R.D. at 369).

### III. CONCLUSION

Unfortunately for Limerick, their sub-par performance occurred in the pleading stage of this case and not on the golf course.  Therefore:

> With arguments hard to resist,
>
> The movant correctly insists,
>
> His joinder was tardy,
>
> And so the third party
>
> Complaint is hereby dismissed..[2]

An appropriate Order follows.

---

to serve summons and third-party complaint pursuant to Rule 14), and *Concordia College Corp. v. Great Am. Ins. Co.*, 14 F.R.D. 403, 405 (D. Minn. 1953) (granting defendant's motion to add third-party defendants))).

[2]  Noncompliance with Federal Rule 14(a)(1) and Local Rule 14.1 is sufficient to warrant dismissal of Limerick's third-party Complaint, making an examination of Contastathes's remaining arguments unnecessary. The Court notes in passing, however, that Limerick also failed to serve Contastathes with a summons as required by Federal Rule of Civil Procedure 4. FED R. CIV. P. 4(c)(1). Limerick both admits and denies that it failed to serve Contastathes on October 17, 2007. (Limerick Opp'n ¶ 6.) Whatever Limerick's position on the issue may be, the relevant Affidavit of Process and Certificate of Service indicate that Contastathes was served with Limerick's third-party Complaint on July 16 and October 17, 2007, but was not served with a summons on either occasion. Failure to serve a summons constitutes an additional, independent basis for dismissal. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996) (*citing Grant Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) (superseded on other grounds by amendment to Rule 4)).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL SULLIVAN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | |
| LIMERICK GOLF CLUB, INC. and | : | |
| LIMERICK GOLF CLUB ESTATES, | : | |
| INC., | : | |
|     Defendants/Third-Party Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| PETER CONTASTATHES, | : | No. 06-4680 |
|     Third-Party Defendant. | : | |

## ORDER

AND NOW, this **23rd** day of **June, 2008,** upon consideration of Third-Party Defendant Peter Contastathes's Motion to Dismiss Defendant/Third-Party Plaintiff Limerick's Third-Party Complaint, Limerick's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Third-Party Defendant Peter Contastathes's Third-Party Motion to Dismiss Third-Party Plaintiffs' Complaint (Document No. 14) is **GRANTED**.

2. Defendant/Third-Party Plaintiff Limerick's Third-Party Complaint is **DISMISSED**.

BY THE COURT:

_/s/ Berle M. Schiller_
**Berle M. Schiller, J.**

6